**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/31/96**

**TENTH CIRCUIT**

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 96-7053 |
| | ) | |
| CURTIS HALLUM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 96-7055 |
| | ) | |
| DELTON WAYNE HILTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 96-7056 |
| | ) | |
| R.J. BLACKBURN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Appeals from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. CR-95-42-S)**

Submitted on the briefs:

Stephen J. Knorr, Federal Public Defender, and Stephen J. Greubel, Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant James Curtis Hallum.

Andrew C. Wilcoxen of Wilcoxen, Wilcoxen & Primomo, Muskogee, Oklahoma, for Defendant-Appellant Delton Wayne Hilton.

John C. "Jay" Williams III, Muskogee, Oklahoma, for Defendant-Appellant R.J. Blackburn.

John Raley, United States Attorney, and Dennis A. Fries, Assistant United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

Before **ANDERSON, LOGAN** and **MURPHY**, Circuit Judges.

**LOGAN**, Circuit Judge.

Defendants R.J. Blackburn, James Curtis Hallum and Delton Wayne Hilton all pleaded guilty to one count of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced all three to the mandatory statutory minimum sixty-month sentence after finding they did not meet the criteria at USSG § 5C1.2 that would allow departure below the mandatory statutory minimum sentence. The district court found that all three defendants failed to meet the USSG § 5C1.2(2) requirement that "the defendant did not . . . possess a firearm or other

2

dangerous weapon . . . in connection with the offense." See also 18 U.S.C. § 3553(f)(2). On appeal all defendants challenge the district court's conclusion on this issue.[1]

U.S. Forest Service agents arrested defendants as they carried duffle bags containing approximately fifteen pounds of fresh marijuana from a rural Oklahoma marijuana patch to their all-terrain vehicles parked 200 to 300 yards from the patch. The officers also took into possession a .22 rifle they found in one vehicle. Hallum testified at the sentencing hearing that the rifle seized at the time of the arrests was his, brought to the scene to shoot snakes, and that while he could have used it to protect against another person he did not have that intention and "would have not wanted to." III R. 20.

All defendants' lawyers argued that the firearm was not possessed "in connection with the offense" within the meaning of USSG § 5C1.2(2). The district court rejected the essence of Hallum's testimony, declaring that if defendants were afraid of and protecting against snakes they would not have left the rifle in the vehicle some 200 yards from the marijuana patch. He found that "the weapon was close to the marijuana cultivation activity, and accessible . . . [a]nd, in addition to that, [defendants] were carrying the marijuana back to the exact location of the gun." III R. 38-39; see also id. at 39-40. Referencing USSG § 2D1.1(b)(1) he found it was not "clearly improbable that the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

3

weapon was possessed in connection with the offense conduct of conviction." Id. at 39.

Thus, he held all defendants were ineligible for a sentence below the statutory minimum.

Section 2D1.1(b)(1) requires a two-level upward adjustment in the offense level if a firearm "was possessed." Application note 3 to that section says the adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. § 2D1.1, comment. (n.3). Because the two-step enhancement of § 2D1.1(b)(1) would be applicable if defendants were sentenced under the Guidelines, the district court apparently considered the commentary was applicable, or at least helpful, to the interpretation of § 5C1.2.

Defendant Hallum does not dispute that he possessed the weapon, and that he could not demonstrate it was "clearly improbable" that the weapon was connected to the offense. But he argues that is the wrong test. He contends that the burden is on the government to support by a preponderance of the evidence the "in connection with" element of USSG § 5C1.2(2), and that we should analogize the "possess" element of § 5C1.2 to the Supreme Court's restrictive interpretation of the "use" language of 18 U.S.C. § 924(c)(1) in Bailey v. United States, 116 S. Ct. 501 (1995), to require the government to prove active employment of the firearm in relation to the underlying offense.

We reject this argument. We have recently held that the burden is on a defendant who seeks a reduction in sentence under § 5C1.2 to prove entitlement to it. United States

4

v. Verners, ___ F.3d ___ (No. 95-5235) (10th Cir. Dec. 31, 1996).  And Bailey dealt with "use" in § 924(c), not "possess," in § 5C1.2(2), as the Supreme Court itself recognized. See 116 S. Ct. at 506 ("We agree with the majority below that 'use' must connote more than mere possession of a firearm by a person who commits a drug offense.").  In its discussion Bailey expressly distinguished the "use" from the "carry" prong of § 924(c)(1), saying the "carry" prong brings  within reach of the statute some offenders whose conduct would not satisfy the "use" prong.  Continuing in the same vein the Court further acknowledged that for sentencing accountability "§ 2D1.1(b)(1) provides an enhancement for a person convicted of certain drug-trafficking offenses if a firearm was possessed during the offense."  116 S. Ct. at 509.  This analysis constitutes a recognition, we believe, that "possess" is to be given a broader meaning than "use."

Hallum testified that he had the gun "for protection."  III R. 19.  This plus the district court's other findings already recited, establish proximity of the firearm to the offense.  We agree with the Eighth Circuit which has recently confronted this issue in United States v. Burke, 91 F.3d 1052 (8th Cir. 1996), that a firearm's proximity and potential to facilitate the offense is enough to prevent application of USSG § 5C1.2(2).

Defendants Blackburn and Hilton additionally argue, based on application note 4 to USSG § 5C1.2, that they may not be held to "possess . . . in connection with the offense" the firearm defendant Hallum admitted he brought to the marijuana patch.  That note states:  "Consistent with § 1B1.3 (Relevant Conduct), the term 'defendant,' as used

5

in subdivision (2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." USSG § 5C1.2, comment. (n.4). In making their argument these defendants focus on the limitation language--to the defendant's "own conduct"--but ignore the aiding and abetting language and the reference to consistency with § 1B1.3. Section 1B1.3(1)(A) repeats the aider and abettor language of note 4, and § 1B1.3(1) expressly addresses "jointly undertaken criminal activity." It holds a defendant responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly under-taken criminal activity." Id.

In United States v. Acosta-Olivas, 71 F.3d 375 (10th Cir. 1995), we held that subsection (5) of USSG § 5C1.2 should be read broadly and with reference to USSG § 1B1.3(a)(1)(B); and that to qualify for a reduction below the statutory minimum sentence under § 5C1.2 a defendant must disclose "'all information' concerning the offense of conviction and the acts of others if the offense of conviction is a conspiracy or other joint activity." Id. at 378. "Offense" for purposes of § 5C1.2(2) includes "the offense of conviction and all relevant conduct." USSG § 5C1.2 comment. (n.3). The commentary in application note 4, read together with § 1B1.3, simply acknowledges that individual defendants are accountable for their own conduct and that participants in joint criminal enterprises can be accountable for the foreseeable acts of others that further the joint activity. See United States v. Thompson, 76 F.3d 442, 455 (2d Cir. 1996). Black-

6

burn and Hilton knew of the presence of the weapon Hallum brought to the marijuana patch; that it might further their joint activity was reasonably foreseeable.

AFFIRMED.