**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LAZARO CASTANEDA ASCENCIO,

        Defendant - Appellant.

No. 07-5070

(N.D. Oklahoma)

(D.C. No. 06-CR-102-01-CVE)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Lazaro Castaneda Ascencio pled guilty to aiding

and abetting the possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2(a). He

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

was sentenced to 120 months' imprisonment, followed by five years of supervised release. Castaneda Ascencio appeals his sentence, which we affirm.

## BACKGROUND

On May 2, 2006, Tulsa, Oklahoma, police officers approached Castaneda Ascencio's apartment after learning from a confidential informant that Castaneda Ascencio had been storing and selling large amounts of crystal methamphetamine at his apartment. As the officers approached, they saw that the front door was open and that children were entering and exiting the apartment. At the front door of the apartment, the officers encountered Castaneda Ascencio's wife and they identified themselves as police officers. Castaneda Ascencio's wife told the officers that her husband was at work, and she gave them consent to search the apartment.

During the search of the apartment, the officers found a shoe box in the master bedroom which contained three large baggies of methamphetamine. The officers discovered a fourth baggie of methamphetamine under some clothes in the master bedroom closet, as well as $2900 in cash under the carpet in that closet. Underneath the bed in the master bedroom, officers discovered a quantity of a cutting agent commonly used in the distribution of methamphetamine, along with a scale and some drug notations. On a shelf inside a hall closet, the officers found a loaded .380 semi-automatic pistol.

Castaneda Ascencio was arrested at his place of work. He told officers that he was storing the methamphetamine for a man from Texas who would retrieve it from him and sell it for $7,000 per pound. He further stated that, on the previous weekend, he had obtained four pounds of crystal methamphetamine from a man who was employed at a local flea market. Castaneda Ascencio also admitted that the pistol found at his apartment belonged to him and that he had bought it from someone with whom he worked.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a total adjusted offense level of 33, which, with a criminal history of I, yielded an advisory sentencing range of 135 to 168 months under the United States Sentencing Commission, Guidelines Manual ("USSG")(2006). However, pursuant to statute, Castaneda Ascencio faced a mandatory minimum sentence of ten years. 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

Castaneda Ascencio filed objections to the PSR and sought a downward departure, arguing, *inter alia*, that he was entitled to receive a "safety valve" reduction below the mandatory minimum ten-year sentence, pursuant to USSG § 5C1.2 and 18 U.S.C. § 3553(f)(1)-(5), and should, pursuant to USSG

§ 2D1.1(b)(9), receive a two-level reduction in his base offense level under the

Guidelines.[1]  The Probation Office opposed any safety valve reduction, finding:

> Due to the specific facts in this case, the defendant has not
> established by a preponderance of the evidence that the firearm was
> not possessed in connection with the offense.  Therefore, the
> defendant does not meet the criteria for the "safety valve" and a two-
> level decrease pursuant to USSG §2D1.1(b)(9).

Addendum to PSR at 3, R. Vol. III.  The government's sentencing memorandum

also opposed any safety valve reduction.

At sentencing, the district court rejected Castaneda Ascencio's safety valve

argument, finding:

> In this case, it is clear that the defendant had actual possession of the
> firearm, as he admitted ownership of the firearm and placing the
> firearm in the hall closet.
> 	The Court recognizes that in United States v. Hallum, 103 F.3d
> 87 (10th Cir. 1996), the Tenth Circuit found that ". . . a firearm's
> proximity and potential to facilitate the offense is enough to prevent
> application of Section 5C1.2."  In this case, the weapon was in the
> center of the defendant's small apartment, an area that was easily and
> quickly accessible to the defendant.  The defendant claims that the
> firearm was possessed only to protect his family because he lived in
> a high-crime area.  However, he placed his family in additional
> harm's way by having a large amount of actual methamphetamine
> and cash inside the apartment.  Clearly, if the defendant would use
> the firearm to protect his family from danger in a high-crime area,
> this Court finds that he would use the firearm to protect his family

---

[1]The "safety valve" provision of the Guidelines permits a sentence below
an otherwise applicable statutory mandatory minimum sentence if a defendant
meets five criteria.  USSG §5C1.2.  One of those criteria is that "the defendant
did not . . . possess a firearm or other dangerous weapon . . . in connection with
the offense."  USSG §5C1.2(a)(2).  Pursuant to USSG §2D1.1(b)(9), a defendant
meeting the requirements of the safety valve provisions may receive a two-level
decrease in his base offense level.

from the danger of having methamphetamine and large amounts of cash inside his residence.

In Gomez-Arrellano, 5 F.3d 464, 466 to 67 (10th Cir. 1993), the circuit court analyzed the phrase "in connection with" as it applied to Sentencing Guideline Section 2K2.1(b)(5). The same analysis is applicable to the application of Sentencing Guideline Section 5C1.2. The circuit court found that "in connection with" is analogous to the "in relation to" requirement of 18 U.S.C., Section 924(c), which is satisfied if the evidence shows that the weapon facilitates or has the potential to facilitate the offense. Accordingly, the facts surrounding the weapon in question here carried the potential to facilitate the commission of the offense of distribution of controlled substances.

Based upon the stipulations as to the facts and under the totality of the circumstances, this Court finds that defendant has not established by a preponderance of the evidence that the firearm was not possessed in connection with the offense. Accordingly, the facts surrounding the weapon in question here carried the potential to facilitate the commission of the offense of distribution of controlled substances.

Tr. of Sentencing Hr'g at 19-20, R. Vol. VI. The court accordingly found Castaneda Ascencio was not entitled to a safety valve reduction and a two-level decrease under USSG §2D1.1(b)(9). It ultimately sentenced Castaneda Ascencio to the statutory mandatory minimum of ten years. Castaneda Ascencio appeals, arguing that the district court erred in failing to find him eligible for a safety valve reduction.

## DISCUSSION

We review sentences imposed post-Booker for reasonableness. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam) (citing United

States v. Booker, 543 U.S. 220 (2005)).  In determining whether a particular sentence is reasonable, we first consider whether the court correctly calculated the applicable Guideline range, reviewing the court's legal conclusions de novo and its factual findings for clear error.  Id. at 1054.  See Gall v. United States, 552 U.S. ___, ___ (2007) (noting that "the Guidelines should be the starting point and the initial benchmark").  Whether the court ultimately decides to sentence a defendant within or outside the advisory Guidelines, "courts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard."  Id. at ___.

In this case, the only issue on appeal is whether the district court correctly determined that Castaneda Ascencio is ineligible for a safety valve reduction below the statutory mandatory minimum sentence, on the ground that he did not possess the loaded pistol found in the hall closet in connection with the crime of aiding and abetting methamphetamine possession.  We review a district court's determination that a defendant is not eligible for safety-valve relief for clear error, giving due deference to its application of the Guidelines to the facts.  United States v. Payton, 405 F.3d 1168, 1170-71 (10th Cir. 2005); see also United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1184 (10th Cir. 2004).

The district court correctly applied our case law concerning the application of the safety-valve provision.  "The burden is on the defendant to demonstrate that []he meets all five criteria" of the §5C1.2 safety-valve provision.  Payton,

405 F.3d at 1170.  He must meet that burden "by a preponderance of the evidence."  Zavalza-Rodriguez, 379 F.3d at 1185.  We have stated that "we focus on the defendant's own conduct for purposes of evaluating eligibility for the safety valve."  Id. at 1186.  In this case, Castaneda Ascencio admitted he owned the pistol, and that he brought it from his work to his apartment and participated in placing it in the hall closet.

We have further held that "[t]he mere propinquity of the weapons and drugs suggests a connection between the two."  Payton, 405 F.3d at 1171.  Thus, "a firearm's proximity and potential to facilitate the offense is enough to prevent application of USSG §5C1.2(2)."  United States v. Hallum, 103 F.3d 87, 89 (10th Cir. 1990).  Here, the weapon  was located in a hall closet in a small apartment, not far from the methamphetamine, and readily accessible to anyone in the apartment.  As the district court found, such a loaded weapon in such a location established the weapon's proximity and potential to facilitate the crime of methamphetamine distribution.  The district court did not clearly err in finding that Castaneda Ascencio failed to establish his eligibility for the safety-valve.

**CONCLUSION**

For the forgoing reasons, we AFFIRM the sentence.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge