**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES HODGE,

Defendant - Appellant.

No. 07-2179

(D. New Mexico)

(D.C. No. CR-07-44-LH)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Charles Hodge pleaded guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). After a contested evidentiary hearing, the

district court found he possessed the firearm "in connection with another felony

---

<sup>*</sup>This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

offense" and applied the four-level sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). The district court sentenced Hodge to fifty-seven months' imprisonment. Hodge appeals the application of the enhancement and the substantive reasonableness of his sentence. This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **affirms** the sentence imposed by the district court.

## I. Background

In December of 2006, Albuquerque Police Department Detective Lucas Townsend received a tip from a confidential informant regarding drug possession and trafficking from a motel room. The informant told Detective Townsend an individual named Charles Hodge was dealing heroin, methamphetamine, and crack cocaine from the room. The informant also disclosed that Hodge would hide narcotics in the front door panels of his Dodge Caravan. Detective Townsend also learned that Hodge carried a .38 caliber pistol. On the basis of this information, a search warrant was obtained and the motel room was put under surveillance. Officers observed Hodge exiting the room. They also observed many people coming and going from the room late into the night, which Detective Townsend believed was indicative of narcotics trafficking.

Early the next morning, officers observed Hodge exiting his motel room and apprehended him. The search of Hodges' room produced a .38 caliber revolver, which was found in a trash-filled garbage bag and wrapped in a rug;

three grams of heroin hidden on top of a light fixture in the bathroom; a small amount of marijuana; and drug paraphernalia, including a spoon, pipe, needles, balloons, and small baggies. A trained officer conducted a sniff of Hodge's vehicle by a certified narcotics dog that resulted in two alerts. A search of the vehicle revealed two .38 caliber Colt short rounds of ammunition and additional baggies and needles.

Hodge was charged with being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1). He pleaded guilty to the charges pursuant to a plea agreement. The pre-sentence report (PSR) determined that Hodge's base offense level under the United States Sentencing Commission Guidelines (Guidelines) was twenty. It applied a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G § 3E1.1. The Probation Office noted that if Hodge had used or possessed the firearm in connection to another felony offense, such as drug trafficking, the four-level upward adjustment provided for in U.S.S.G. § 2K2.1(b)(6) would apply. The PSR concluded, however, there was no evidence from which to conclude the defendant possessed the firearm in connection with other felony offenses. The PSR recommended a total offense level of seventeen and a criminal history category of IV, which resulted in a Guidelines range of thirty-seven to forty-six months' imprisonment.

The government filed an objection to the PSR's conclusion that the four-level adjustment was not available under U.S.S.G. § 2K2.1(b)(6). The district

court conducted an evidentiary hearing to address the applicability of the enhancement. After the hearing, the district court found Hodge was engaged in drug trafficking with respect to the heroin. It also found there was sufficient evidence to conclude the gun was connected to Hodge's drug possession and drug trafficking. The district court applied the four-level enhancement, resulting in an offense level of twenty-one and a Guidelines range of fifty-seven to seventy-one months' imprisonment. The district court sentenced Hodge to the low end of the Guidelines range.

## II. Discussion

Hodge argues the district court committed both procedural and substantive error in sentencing him to fifty-seven months' imprisonment.

### A. *Procedural Reasonableness*

Hodge claims the district court had an inadequate factual basis for concluding he possessed the firearm "in connection with another felony offense" and therefore misapplied § 2K2.1(b)(6). A sentence is procedurally unreasonable if a district court improperly calculates the applicable Guidelines range. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). This court reviews a district court's legal conclusions regarding the Guidelines de novo and its factual findings for clear error. *United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008).

Hodge first argues that the district court erred in finding Hodge was engaged in drug trafficking. We cannot agree. The district court based its finding

on evidence presented by the government that indicated Hodge was engaged in trafficking. This evidence included the false compartments in the defendant's vehicle that could be used for smuggling, the large amount of heroin present in the room, the pattern of foot traffic in and out of the motel room consistent with trafficking, and the presence of balloons, which Detective Townsend testified are commonly used for packaging heroin for distribution. Given this evidence, the district court did not clearly err in finding Hodge was engaged in drug trafficking.

Hodge also argues the evidence shows the handgun's presence was only coincidental and not related to his drug possession. Section 2K2.1(b)(6) requires some nexus between the firearm possession and the felony offense, however "we have generally held that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)[(6)] is appropriate." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998). Furthermore, because handguns are widely recognized tools of the drug trade, "a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)[(6)]." *Id*. Hodge maintains the gun's inaccessibility and location in the main room demonstrates it was not in proximity to the heroin stored in the bathroom. He further argues that the evidence shows he only possessed the firearm because he was holding it for a friend and not in connection with the narcotics.

We conclude the district court did not clearly err in finding Hodge possessed the handgun "in connection with" his drug trafficking. The evidence before the district court supported its finding that a nexus existed between the weapon and drug trafficking. The weapon was found in a small hotel room, directly adjacent to the bathroom containing the narcotics. This proximity is sufficient to support the district court's finding that the gun had at least "the potential to facilitate" Hodge's drug trafficking. *See United States v. Hallum*, 103 F.3d 87, 89 (10th Cir. 1996) (concluding a weapon found in the defendant's unattended vehicle was possessed "in connection with" drug trafficking); *United States v. Payton*, 405 F.3d 1168, 1170-71 (10th Cir. 2005) (concluding firearms hidden in secret compartments in a home were in "close proximity" to drugs stored throughout the home). Hodge's argument that he possessed the weapon only for a friend is likewise unavailing. The only evidence in the record regarding this assertion is Hodge's own statement in his guilty plea. Given the lack of evidence supporting this claim, the district court did not clearly err in rejecting it.

*B. Substantive Reasonableness*

Hodge argues his sentence was unjustifiably severe in light of the nature of the offense and his personal characteristics. He points to his drug addiction, minimal education, age, and family ties. This court reviews a sentence's substantive reasonableness for an abuse of discretion. *Gall*, 128 S. Ct. at 597. This court may apply a presumption of reasonableness to a sentence, such as this

one, that falls within the correctly calculated Guidelines range. *Rita v. United States*, 127 S. Ct. 2456, 2462-63 (2007). A defendant may rebut this presumption "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Hodge has not met his burden of showing that the low-end of the Guidelines range is an unreasonable sentence. He does not explain why his personal characteristics make him an unusual defendant. Neither does he argue that the recommended Guidelines range is unjustifiable for this type of offense. The district court relied on Hodge's history of criminal activity in reaching its sentence. Given this consideration, this court cannot say the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). As a result, the district court did not abuse its discretion in sentencing Hodge.

**III. Conclusion**

For the foregoing reasons, Hodge's sentence is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-7-