# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

LEE MURRAY FERRYMAN,
　　　　　　*Defendant-Appellant.*

No. 05-30081

D.C. No.
CR-04-05167-001-
RBL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 25, 2006*
Seattle, Washington

Filed April 18, 2006

Before: Johnnie B. Rawlinson and Richard R. Clifton,
Circuit Judges, and Larry A. Burns,** District Judge.

Opinion by Judge Clifton

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

**COUNSEL**

Suzanne Lee Elliott, Seattle, Washington, for the appellant.

John McKay, United States Attorney and William H. Redkey, Jr., Assistant United States Attorney, Seattle, Washington, for the appellee.

**OPINION**

CLIFTON, Circuit Judge:

Defendant Lee Murray Ferryman appeals the district court's finding that he was ineligible for safety valve relief from a mandatory minimum sentence for manufacturing marijuana. At issue in this appeal is whether the district court clearly erred in finding that Ferryman possessed eleven firearms in connection with the drug offense, after Ferryman argued that he possessed the firearms primarily for the protection of his family. We conclude that it did not, and thus we affirm.

**I. BACKGROUND**

In October, 2003, police officers searched Ferryman's home pursuant to a warrant. The search turned up 875 grams of marijuana packaged in baggies, 1200 grams of dried marijuana leaves, and 170 growing marijuana plants. The search also discovered eleven firearms: one loaded Glock .40 caliber pistol and one loaded Smith and Wesson revolver on the master bedroom nightstand, one loaded Ruger 9 mm pistol in a safe hidden in the master bedroom closet, one loaded shotgun in the master bedroom, one loaded shotgun near the front door, and five unloaded firearms.

Ferryman pleaded guilty to manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1), and to possession of a fire-

arm by an unlawful user of marijuana, in violation of 18 U.S.C. § 922(g)(3). By written plea agreement, he admitted that he possessed the eleven firearms but did not admit that his possession was "in connection with" the marijuana growing operation. Whether the firearms were possessed "in connection with" the marijuana offense is the crucial issue on appeal, and we discuss it in more detail below. Ferryman also admitted to the quantity of the marijuana plants discovered, which subjected him to a mandatory minimum sentence of imprisonment for sixty months (five years) under 21 U.S.C. § 841(b)(1)(B)(vii), unless he qualified for safety valve relief from the mandatory minimum sentence under United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2 (implementing 18 U.S.C. § 3553(f)).

At sentencing, the district court found that Ferryman did not qualify for safety valve relief and sentenced Ferryman to the mandatory minimum sentence of imprisonment for sixty months. Ferryman timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.　DISCUSSION

We review the district court's interpretation of the Sentencing Guidelines *de novo*, its application of the Sentencing Guidelines to the facts of this case for an abuse of discretion, and its factual findings for clear error. *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). Specifically, this court reviews for clear error the district court's factual determination that a defendant possessed firearms in connection with the offense of conviction, making him ineligible for safety valve relief. *See United States v. Real Hernandez*, 90 F.3d 356, 360 (9th Cir. 1996).

18 U.S.C. § 3553(f) provides the statutory basis for safety valve relief from mandatory minimum sentences. It states that, if each of its criteria are met, "the court shall impose a sentence pursuant to guidelines promulgated by the United

States Sentencing Commission . . . without regard to any statutory minimum sentence. . . ." 18 U.S.C. § 3553(f). These criteria are: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence *or possess a firearm in connection with the offense*; (3) the offense did not result in death or serious bodily injury to a person; (4) the defendant was not a leader in the offense and was not engaged in a continuing criminal enterprise; and (5) the defendant has truthfully provided to the Government all information and evidence that he has concerning the offense. *See* 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2 (implementing 18 U.S.C. § 3553(f)). Only the second criterion, whether Ferryman possessed a firearm in connection with the offense, is at issue in this appeal.

[1] The phrase "in connection with" is not defined under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We interpret it with reference to the same phrase under U.S.S.G. § 2D1.1(b)(1), *see United States v. Smith*, 175 F.3d 1147, 1149 (9th Cir. 1999), which authorizes a two-level enhancement to a defendant's base offense level if "a dangerous weapon (including a firearm) was possessed." To avoid an enhancement under U.S.S.G. § 2D1.1(b)(1), the burden is on the defendant to prove that it was "clearly improbable" that he possessed a firearm in connection with the offense. U.S.S.G. § 2D1.1 cmt. 3. To qualify for safety valve relief under U.S.S.G. § 5C1.2, the burden is also on the defendant to prove, but only by a preponderance of the evidence, that he did not possess a firearm in connection with the offense. *See United States v. Nelson*, 222 F.3d 545, 550 (9th Cir. 2000).

On appeal, Ferryman argues that the district court erred by not requiring the Government to bear the burden of proving "that the firearm[s were] possessed in a manner that permits an inference that [they] facilitated or . . . had some potential emboldening role . . . in a defendant's felonious conduct." *United States v. Polanco*, 93 F.3d 555, 566-67 (9th Cir. 1996) (citing *United States v. Routon*, 25 F.3d 815, 819 (9th Cir.

1994)). Ferryman's reliance on *Polanco* and *Routon* is misplaced. These cases discuss a sentencing enhancement under U.S.S.G. § 2K2.1(b)(5), which has no application to this case. *See Routon*, 25 F.3d at 818. The district court correctly held Ferryman to his burden of proving, by a preponderance of the evidence, that he did not possess the firearms in connection with the offense.

The district court found that Ferryman did not meet this burden and that he possessed firearms in connection with the offense, thus disqualifying him for safety valve relief. Specifically, it found that the firearms, six of which were loaded and placed about the home, were configured in "the classic defensive posture consistent with protection of a marijuana grow operation." The district court also found implausible Ferryman's reasons for possessing the firearms. Ferryman had explained that he had armed himself primarily to protect his family on the advice of county police after his son was badly beaten in a 2001 gang-related home invasion. He admitted, however, that the marijuana growing operation likely led to two subsequent burglaries of the home. The district court did not accept Ferryman's explanation that, although the marijuana operation probably enticed intruders into the home and endangered his family, he would have been able to determine when he should use firearms in defense of his family, in a way separate from defense of the marijuana growing operation.

Our review of the district court's denial of safety valve relief is deferential. We accept the lower court's findings of fact unless we are left with a definite and firm conviction that a mistake has been made. *United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir. 1998) (en banc). We also pay special deference to a trial court's credibility findings. *See United States v. Elliot*, 322 F.3d 710, 715 (9th Cir. 2003).

**[2]** We conclude that the findings here were not clearly erroneous. We join other circuits that have similarly affirmed

the denial of safety valve relief based upon the circumstances in which the firearms were found, coupled with the implausibility of defendants' explanations. The Sixth Circuit, in *United States v. Stewart*, 306 F.3d 295, 327 n.19 (6th Cir. 2000), affirmed the district court's denial of safety valve relief for a drug-trafficking defendant who stashed a loaded firearm under his mattress. *Id.* The district court did not believe the defendant's explanation that he kept the firearm, a gift from his father, only for sentimental reasons, intending to pass it on to his son. *Id.* In *United States v. Hallum*, 103 F.3d 87, 89 (10th Cir. 1996), the Tenth Circuit affirmed the denial of safety valve relief based on the fact that defendants kept a rifle in a truck used to transport marijuana. *Id.* The district court there also found implausible defendants' explanation that they used the rifle to protect against snakes. *Id.* The Tenth Circuit, in *United States v. Payton*, 405 F.3d 1168, 1171 (10th Cir. 2005), also affirmed the denial of safety valve relief for a defendant who possessed five firearms in close proximity to substantial amounts of methamphetamine but argued that one of those firearms, a 12-gauge shotgun, was only a Valentine's Day gift for a co-defendant. *Id.* The district court's findings were not clearly erroneous, given the circumstances in which the guns were found in Ferryman's home, coupled with the implausibility of his explanations.

**AFFIRMED.**