**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Denise HUTCHINSON, Defendant— Appellant.**

**No. 05–30207.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Stephanie Whitaker, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

Philip Edward Nino, Esq., Spokane, WA, for Defendant–Appellant.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM **

Denise Hutchinson appeals from the district court's determination that she is ineligible for the sentencing safety valve in 18 U.S.C. § 3553(f). We have jurisdiction pursuant to 18 U.S.C. § 3742(a). We affirm.

The defendant must fulfill five criteria in order to qualify for the safety valve: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or possess a firearm or dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to a person; (4) the defendant was not a leader in the offense and was not engaged in a continuing criminal enterprise; and (5) the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense. *See* 18 U.S.C. § 3553(f); *United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006). The safety valve provision is applicable only if the defendant "meets all five criteria." *United States v. Real–Hernandez*, 90 F.3d 356, 360 (9th Cir.1996).

We review the district court's factual determination that a particular defendant is eligible for relief under 18 U.S.C. § 3553(f) for clear error. *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996). Under this standard, we may only reverse

if we are "left with a definite and firm conviction that a mistake has been made." *United States v. Hughes Aircraft Co.*, 162 F.3d 1027, 1030 (9th Cir.1998).

Under the fifth criterion, "the defendant must provide, prior to sentencing, all information at his disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation." *Shrestha*, 86 F.3d at 939. In this case, there were numerous inconsistencies among Hutchinson's plea agreement, her safety valve "free talk," a supplemental letter she submitted, and the testimony of other cooperating witnesses. She admitted lying during her safety valve discussion. Based on our review of the record, we hold that the district court did not clearly err in finding that Hutchinson failed to satisfy the fifth criterion.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.