**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Byron Wayne MILLER, Defendant–**
**Appellant.**

No. 06–30150.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 27, 2006.

James E. Seykora, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert Kelleher, Esq., Kelleher Law Office, Billings, MT, for Defendant–Appellant.

---

* The panel unanimously found this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Before: D.W. NELSON, PAEZ and SMITH, Circuit Judges.

## MEMORANDUM **

Byron Wayne Miller pled guilty to one count of conspiracy to distribute over 500 grams of methamphetamine in violation of 21 U.S.C. § § 841(a)(1) and 846. Miller argues that he is entitled to re-sentencing because the district court improperly applied a two-level enhancement to his sentence for possession of a dangerous weapon under § 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines").

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, its application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir.2005). We affirm the district court's imposition of a 360–month sentence.

■ The district court was correct in applying a two-level sentencing enhancement for possession of a dangerous weapon because the evidence in the record demonstrates that (1) Miller possessed the firearms required by the Sentencing Guidelines and (2) it is not clearly improbable that he possessed the firearms in connection with the offense. *See* U.S.S.G. § 2D1.1(b)(1) (2000) (instructing the sentencing judge to apply a two-level enhancement to the defendant's sentence "[i]f a dangerous weapon (including a firearm) was possessed"); *id.* at § 2D1.1, cmt. n. 3

("The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."); *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir.2006) ("[T]he burden is on the defendant to prove that it was clearly improbable that he possessed a firearm in connection with the offense." (quotation marks omitted)).

The district court's sentence was also correct because this circuit's established case law does not require a concrete temporal and spatial connection between the weapon, the drug trafficking and the defendant in order to trigger the two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). *See United States v. Pitts*, 6 F.3d 1366, 1373 (9th Cir.1993) (holding that a defendant possessed a dangerous weapon for purposes of U.S.S.G. § 2D1.1(b)(1) when law enforcement discovered a shotgun in the defendant's home after the completion of the crimes); *United States v. Stewart*, 926 F.2d 899, 901 (9th Cir.1991) ("[T]he key is whether the gun was possessed during the course of criminal conduct, not whether it was 'present' at the site."); *United States v. Willard*, 919 F.2d 606, 610 (9th Cir.1990) ("Our court has not *required* the guns and drugs to be found in proximity to each other, in order to support a firearm enhancement.").

■ Finally, the district court properly applied U.S.S.G. § 2D1.1(b)(1) in determining the advisory Guideline range because Miller pled guilty to a conspiracy that took place "in April 2000 and before, and up to and including June 2000, and after."

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.