UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Francisco HIGAREDA,
Defendant–Appellant.

No. 05–50978.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Sherri Walker Hobson, Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Esq., Steven L. Barth, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Luis Francisco Higareda appeals from his 60–month sentence for possession of marijuana with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Higareda contends that the district court incorrectly denied him relief pursuant to U.S.S.G. § 5C1.2 because the judge applied the wrong burden of proof in considering whether he was eligible for the safety valve. Additionally, Higareda con-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tends that the district court erred in determining that he possessed a firearm 'in connection with' his offense for purposes of safety valve eligibility. We disagree.

 A review of the record shows that the district court applied the proper preponderance of the evidence burden of proof. *See United States v. Nelson,* 222 F.3d 545, 551 (9th Cir.2000) (holding that a defendant seeking a safety-valve reduction bears the burden of proving eligibility by a preponderance of the evidence). The district court did not err in finding that Higareda possessed a firearm for purposes of safety valve eligibility. *See United States v. Ferryman,* 444 F.3d 1183, 1186 (9th Cir.2006).

**AFFIRMED.**