UNITED STATES of America,
Plaintiff–Appellant,

v.

Erica L. CUEVAS–CEBALLOS,
Defendant–Appellee.

No. 06–30554.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 22, 2009.*

Filed Jan. 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jane M. Kirk, Esq., USYA–Office of the U.S. Attorney, YakimA, WA, for Plaintiff–Appellant.

Dawn Marie Reynolds, Esq., Dallas, OR, for Defendant–Appellee.

Before: REAVLEY,** TALLMAN and M. SMITH, Circuit Judges.

### MEMORANDUM ***

Erica Cuevas–Ceballos was convicted of conspiracy to distribute methamphetamine under 21 U.S.C. § 841(b)(1)(A). At sentencing, the district court granted a safety valve reduction pursuant to 18 U.S.C. § 3553(f). The government appeals the grant of the safety valve reduction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err in granting the safety valve reduction. Despite the extremely sparse record supporting the finding that Cuevas–Ceballos provided "all information" as required by § 3553(f)(5), we must accept the lower court's finding "unless we are left with a definite and firm conviction that a mistake has been made." *United States v. Ferryman,* 444 F.3d 1183, 1186 (9th Cir.2006) (quoting *United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998) (en banc)).

The district court relied on the fact that Cuevas–Ceballos had provided the essential facts of her drug transactions, including the approximate dates and the identities of the other parties, including her young son. *See United States v. Shrestha,* 86 F.3d 935, 939 (9th Cir.1996); *United States v. Mejia–Pimental,* 477 F.3d 1100, 1107 (9th Cir.2007) (citing *United States v. Arrington,* 73 F.3d 144 (7th Cir.1996)). Based on the information provided to the government and to the court during the sentencing colloquy, the district court was satisfied Cuevas–Ceballos had provided "all information" regarding her involvement. *See* 18 U.S.C. § 3553(f)(5). This determination, though questionable, was not clearly erroneous.

**AFFIRMED.**

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.