**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James BLUE, Defendant—Appellant.**

**No. 09–30043.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 30, 2009.

Aine Ahmed, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Philip Edward Nino, Spokane, WA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

James Blue appeals from the 120–month sentence imposed following his guilty-plea conviction for distribution of five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and distribution of 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Blue contends that the district court erred by finding that he possessed firearms in connection with the offense, rendering him ineligible for safety valve relief. The record discloses that two loaded firearms were recovered from a storage locker that contained $52,000 cash from drug proceeds and which Blue visited shortly before a drug transaction. In light of this evidence, Blue failed to meet his burden of proving that he did not possess the firearms in connection with the offense. *See United States v. Ferryman*, 444 F.3d 1183, 1186–87 (9th Cir.2006). The district court therefore did not clearly err in finding that Blue was not eligible for safety valve relief. *See id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).