**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30410 |
| Plaintiff - Appellee, | DC No. CR 07-5346 RBL |
| v. | |
| LARRY EDWARD TARRER, II, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted January 12, 2010
Seattle, Washington

Before:     KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

Larry E. Tarrer, II, appeals his sentence of 120 months' imprisonment,

imposed following his guilty plea to four counts of drug-related charges. We have

jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

At sentencing, the district court determined, after an evidentiary hearing, that

_____

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the two-level upward adjustment under United States Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) for possession of a firearm was applicable and that Tarrer was ineligible for safety valve relief under USSG § 5C1.2 because Tarrer possessed a firearm in connection with the offense.

We conclude that the district court did not clearly err in finding that Tarrer possessed a firearm during the commission of the offense, for the purposes of § 2D1.1(b)(1). *See United States v. Lopez-Sandoval*, 146 F.3d 712, 714 (9th Cir. 1998). Tarrer's friend testified that she found the weapon at issue in a drawer she allowed Tarrer to use for his personal belongings. Once possession was shown, the burden shifted to Tarrer, who failed to demonstrate "that it [wa]s 'clearly improbable'" that his possession of the weapon was "in connection with the offense." *See United States v. Nelson*, 222 F.3d 545, 549 (9th Cir. 2000) (citing *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989)).

We also conclude that the district court did not clearly err in finding Tarrer ineligible for safety-valve relief under § 5C1.2. *See United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006). Tarrer failed to meet his burden of showing by a preponderance of the evidence that he did not possess the weapon in connection with the offense. *See id.* at 1186.

The sentence imposed by the district court is therefore **AFFIRMED**.