**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30000 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-00282-FVS |
| v. | |
| JULIUS DARNELL ROBERTS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Julius Darnell Roberts appeals from the 168-month sentence imposed upon

resentencing following his successful 28 U.S.C. § 2255 motion.  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Roberts contends that the district court erred in several respects when it

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

calculated the Guidelines range. First, he argues that the district court erroneously applied an upward adjustment for obstruction of justice. On remand, the district court was free to consider any matters relevant to resentencing. *See United States v. Matthews*, 278 F.3d 880, 885-89 (9th Cir. 2002). Roberts' attempt to flee, coupled with other obstructive conduct, was sufficient to support application of the adjustment. *See United States v. Madera-Gallegos*, 945 F.2d 264, 267 (9th Cir. 1991).

Second, Roberts contends that the district court erroneously applied an enhancement for possession of a firearm. Roberts fails to demonstrate that it was "clearly improbable" that he possessed a firearm in connection with the offense. *See* U.S.S.G. § 2D1.1 cmt., n. 3; *see also United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006).

Third, Roberts contends that the district court failed to consider whether the Guidelines' disparate treatment of crack versus powder cocaine justified a downward variance based on the court's policy disagreement with the Guidelines. Because Roberts did not raise this contention in the district court, we decline to address it for the first time on appeal. *United States v. Flores-Payton*, 942 F.2d 556, 558 (9th Cir. 1991).

Finally, Roberts contends that the district court improperly included an

uncounseled misdemeanor conviction in its calculation of his criminal history score. The district court did not err, let alone plainly err, because Roberts fails to present any evidence that would overcome the presumption that there was a valid waiver of counsel. *See United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998).

The district court did not procedurally err, and the sentence at the bottom of the Guidelines range is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Roberts' motion to strike the government's argument is denied.

**AFFIRMED.**