**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30212 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00296-JLR-2 |
| v. | |
| GABRIEL GONZALEZ-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 12, 2013[**]
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

Defendant-Appellant Gabriel Gonzalez-Perez appeals his conviction and

sentence for three counts related to his distribution of heroin. *See* 21 U.S.C. § 841.

Because the parties are familiar with the factual and procedural history of this case,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Gonzalez contends that the district court's ruling limiting his questioning of the government's confidential informant denied him "a meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). This argument fails because the district court's ruling did not "infring[e] upon a weighty interest of the accused" and was not "'arbitrary' or 'disproportionate to the purposes [it was] designed to serve.'" *Id.* (citations omitted).

Gonzalez also contends that he is entitled to a new trial because the district court erred by refusing to compel the government to grant use immunity to the informant. We apply a two-prong test to determine whether due process requires that "the district court impede on the discretion of the executive branch and compel use immunity. . . ." *United States v. Straub*, 538 F.3d 1147, 1156 (9th Cir. 2008). Specifically, the defendant must show that:

> (1) the defense witness's testimony was relevant; and (2) either (a) the prosecution intentionally caused the defense witness to invoke the Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process; or (b) the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting

2

> the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial.

*Id.* at 1162.

Even assuming, *arguendo*, that the testimony Gonzalez sought to elicit from the confidential informant was relevant, Gonzalez is not entitled to relief because he cannot satisfy either element of the second prong of the *Straub* test. As the district court properly recognized, the prosecution did not intentionally cause the informant to invoke his Fifth Amendment rights. Nor did the prosecution grant immunity to any government witness, or otherwise distort the fact-finding process. Because the *Straub* test was not met, the district court properly denied Gonzalez's motion to compel the government to grant the informant use immunity.

We also reject Gonzalez's challenge to his sentence. Gonzalez contends that the district court erred by denying him "safety-valve" relief under the Sentencing Guidelines. *See* U.S.S.G. § 5C1.2; *see also* 18 U.S.C. § 3553(f). To be eligible for safety-valve relief, a defendant bears the burden to establish that he meets all five statutory qualifying criteria, including that "the defendant did not . . . possess a firearm . . . in connection with the offense." U.S.S.G. § 5C1.2(a)(2).

Here, the district court reasonably concluded that Gonzalez possessed a firearm "in connection with the offense." *Id.* Gonzalez admits that he owned the gun that law enforcement found in his stash house. He also admits that the gun

3

was retrieved from a duffel bag that contained drug paraphernalia (*i.e.*, a portable digital scale). And Gonzalez admits that the gun was found in the same apartment where law enforcement discovered a substantial quantity of heroin. Under these circumstances, we simply cannot conclude that the district court's decision that Gonzalez possessed a firearm "in connection with the offense" was clearly erroneous. *See United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006) (holding that "this court reviews for clear error the district court's factual determination that a defendant possessed firearms in connection with the offense of conviction, making him ineligible for safety valve relief").

    **AFFIRMED.**