NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff - Appellee,<br><br>v.<br><br>**DUANE BYRON FIELDS, Jr.,**<br><br>Defendant - Appellant. | No. 12-30315<br><br>D.C. No. 3:12-cr-00022-JKS-1<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted August 14, 2013
Anchorage, Alaska

Before:    **KOZINSKI**, Chief Judge, **BERZON** and **IKUTA**, Circuit
Judges.

**1.** The quantity of cocaine subjecting Fields to increased penalties for his

conspiracy conviction was properly "charged in the indictment, submitted to the

jury, subject to the rules of evidence, and proved beyond a reasonable doubt."

United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) (en banc); see also

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151, 2155 (2013). The 439 grams found on his person and in his trailer, together with the other evidence of the conspiracy's drug-dealing activities, was ample to support the jury's special verdict that the conspiracy involved at least 500 grams. See United States v. Reed, 575 F.3d 900, 923 (9th Cir. 2009).

**2.** Fields's acquittal on the firearm charge didn't preclude the sentencing judge from considering the gun in applying a two-level enhancement. See United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam). Fields didn't prove it was "clearly improbable" that his gun possession was connected to his crimes, so the enhancement was properly applied. United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir. 2006); see also U.S.S.G. § 2D1.1 cmt. n.11.

**3.** Application of the managerial role enhancement to Fields's sentence was also proper. U.S.S.G. § 3B1.1(c). He twice sent others to deliver cocaine. Even if these were the only times Fields exerted control over others, they qualify him for the aggravating role enhancement. See, e.g., United States v. Maldonado, 215 F.3d 1046, 1050 (9th Cir. 2000).

**AFFIRMED.**