**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30143 |
| Plaintiff - Appellant, | D.C. No. 9:11-cr-00061-DLC-1 |
| v. | |
| JASON WASHINGTON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted June 3, 2014
Seattle, Washington

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

**1.** The district court found that Jason Washington did not possess a firearm

"in connection with the offense" under 18 U.S.C. § 3553(f)(2). The court did not

clearly err in so finding. *See United States v. Ferryman*, 444 F.3d 1183, 1185 (9th

Cir. 2006). The court carefully considered the circumstances surrounding those

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

instances in which Washington possessed a firearm and concluded that Washington had proved by a preponderance of the evidence that he lawfully possessed the firearms for purposes unconnected to the drug offenses at issue. We cannot say that the court's finding leaves us "with a definite and firm conviction that a mistake has been made." *Id.* at 1186.

**2.** The district court also found that Washington was not "an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(4). The enhancement for role in the offense applies under U.S.S.G. § 3B1.1 when "the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." *United States v. Yi*, 704 F.3d 800, 807 (9th Cir. 2013) (citation and internal quotation marks omitted). We conclude that the district court committed two legal errors in conducting this analysis.

First, the court did not address Washington's control over others or his organizational role at all. Instead, it concluded that the enhancement should not apply because Washington did not present a recidivism risk or danger to the public, two of the factors the Sentencing Commission has indicated underlie the role enhancement. *See* § 3B1.1 cmt. background. Although sentencing courts may

draw upon background commentary to inform their analysis, they must begin with the plain language of the guidelines. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167, 1168 n.4 (9th Cir. 2009). As with the enhancement for obstruction of justice, if the court determines that the factual predicate for the enhancement under § 3B1.1 has been established, application of the enhancement is mandatory. *See, e.g.*, *United States v. Ancheta*, 38 F.3d 1114, 1118 (9th Cir. 1994) (holding that once a guideline provision's criteria have been met, the enhancement is "mandatory, not discretionary"). When imposing a sentence, the court may, of course, consider departing from the applicable guidelines range if it believes the enhancement overstates the defendant's culpability. *See Koon v. United States*, 518 U.S. 81, 92 (1996). But when determining eligibility for the safety valve, the court must apply the enhancement according to its plain terms, without regard to departures. *See United States v. Valencia-Andrade*, 72 F.3d 770, 773–74 (9th Cir. 1995) (holding that a court calculating defendant's criminal history points for purposes of safety valve eligibility must do so without considering departures).

Second, the court erred by importing the "heartland" analysis of *Koon* into the safety valve context. That analysis is appropriate only when, after correctly calculating the applicable guidelines range, a court is considering whether to grant a variance or departure from that range. It has no relevance when a court is

determining whether a particular guideline enhancement applies in the first place. The guidelines make this clear by stating that a court must apply the enhancement for role in the offense before considering any departures or variances. *See* U.S.S.G. § 1B1.1.

**3.** In light of the above, we reverse and remand with respect to the role enhancement under § 3B1.1 so that the district court may reconsider its analysis, taking into account Washington's "control over others involved in the commission of the offense" and his responsibility "for organizing others for the purpose of carrying out the crime." *Yi*, 704 F.3d at 807. If the court determines that the factual predicate for the role enhancement has been established in light of the evidence in the record, that finding would preclude safety valve relief. 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2 cmt. n.5. On the other hand, if the record does not support application of the enhancement after the court analyzes it within the framework laid out above, safety valve relief would be available.

**VACATED AND REMANDED.**

*United States v. Washington*, No. 13-30143

WATFORD, Circuit Judge, concurring:

Whether all components of the safety valve statute remain constitutional after *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is an open question. While at least one circuit has concluded post-*Alleyne* that the statute doesn't offend the Sixth Amendment, *see United States v. Harakaly*, 734 F.3d 88, 97–99 (1st Cir. 2013), our circuit has yet to decide the issue. *See United States v. Tequida-Esquer*, No. 13-10514 (9th Cir. appeal docketed Oct. 7, 2013). Having prevailed below on the issue of safety valve eligibility, Washington had no occasion to brief the issue in this appeal, and we therefore do not address it.