FILED

**NOT FOR PUBLICATION**

JAN 29 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50036 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00094-JLS-2 Central District of California, Los Angeles |
| v. | |
| ANTONIO QUEVEDO, AKA Kora, AKA Korita, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50176 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00094-JLS-1 Central District of California, Los Angeles |
| v. | |
| ADELINA CRISTOBAL | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Judge Josephine L. Staton, District Judge, Presiding

---

        *      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 20, 2015[]
Pasadena, California

Before: PREGERSON and CALLAHAN, Circuit Judges, and BASTIAN, District Judge[***]

Defendant Adelina Cristobal appeals the 108-month sentence imposed after she pleaded guilty to Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of 18 U.S.C. § 1958(a); Defendant Antonio Quevedo appeals the 84-month sentence imposed after he pleaded guilty to the same crime. Both defendants assert the district court erred in applying U.S.S.G. § 2D1.4(a)(2)'s cross-reference to U.S.S.G. § 2A1.5(a)(1), which resulted in a 5-level increase to the base offense level. In addition, Defendant Cristobal argues that her sentence is unreasonable. Because the district court properly applied the cross-reference, and because Defendant Cristobal's 108-month sentence is reasonable, we affirm.

Defendants' arguments are foreclosed by our recent decision in *United States v. Temkin*, 797 F.3d 682 (9th Cir. 2015). In that case, we held the correct

---

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stanley A. Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

base offense level for a conviction for Using Interstate Commerce Facilities in the Commission of Murder-For-Hire, in violation of 18 U.S.C. § 1958 was 37, which was computed by using the cross-reference contained in U.S.S.G. § 2E1.4(a)(2), applying U.S.S.G. § 2A1.5's base offense level of 33, and adding four levels for the exchange of money (the pecuniary enhancement).[1] *Id.* at 695. As the district court calculated the Guideline range in the same manner, it did not commit procedural error.

Defendant Cristobal appeals her sentence of 108 months imprisonment. The district court's factual findings are entitled to deference. *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006). It concluded that Cristobal was the driving force behind the murder-for-hire conspiracy, and the record supports this conclusion. Ultimately, the district court sentenced Cristobal to 12 months below the Guideline range to reflect, in part, her lack of criminal history and her acceptance of responsibility. Cristobal's sentence of 108 months is not

---

[1] As a general rule, one three-judge panel cannot reconsider or overrule the decision of a prior panel unless it is clearly irreconcilable with an intervening higher authority. *United States v. Jefferson*, 791 F.3d 1013, 1016 n.2 (9th Cir. 2015). Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself en banc, or by the U.S. Supreme Court. *Hart v. Massanari*, 266 F.3d 1166, 1171 (9th Cir. 2001).

substantively unreasonable, in light of all of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.

Additionally, the imposition of the three years of supervised release was not plain error. "[R]eversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). To determine whether the court's error affected "substantial rights" we ask whether "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The Guidelines recommend no supervised release for deportable aliens likely to be deported when the statute of conviction does not require it, unless the judge "determines" that supervised release would "provide an added measure of deterrence and protection." Sentencing Guidelines § 5D1.1(c) & cmt. n.5. There is no record of the judge making that determination.

Here, the failure of the judge to make a record of the supervised release determination did not affect Cristobal's substantial rights. At the time of the sentencing hearing, it was not clear that Cristobal would be deported given that her daughter and husband lived in the United States and depended on her for their

4

medical care. Had the error been brought to the court's attention, there is no doubt the result would have been the same.

We **AFFIRM**, but direct the district court to amend the written judgment to reflect that Defendant Cristobal was convicted of Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-For-Hire. *See* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").