**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10108 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00285-LJO |
| v. | |
| RICH XIONGPAO, a.k.a. Thai Xiong, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Rich Xiongpao appeals from the district court's judgment and challenges the

60-month mandatory minimum sentence imposed following his jury-trial

conviction for manufacturing 100 or more marijuana plants, in violation of 21

U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

clear error, *United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006), we affirm.

Xiongpao contends that the district court clearly erred in determining that he possessed a firearm in connection with the offense such that he was ineligible for safety valve relief under 18 U.S.C. § 3553(f) and subject to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). It is undisputed that Xiongpao lived at a particular campsite for the sole purpose of tending to the marijuana grow site at issue and possessed a loaded shotgun, which was provided by the drug organization, at that campsite. Despite Xiongpao's assertion that he only intended to use the shotgun to protect against animals and not other intruders, the district court reasonably concluded that Xiongpao did not meet his burden of showing that the shotgun was unconnected to the offense. *See, e.g.*, *United States v. Fernandez*, 526 F.3d 1247, 1252 (9th Cir. 2008) (affirming denial of safety valve relief where district court explained that, even if weapons found in defendant's home were intended to protect his family, defendant's concern for his family's safety "stemmed from the dangers created by his involvement in a drug conspiracy").

**AFFIRMED.**

17-10108