NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10327 |
| Plaintiff - Appellee, | D.C. No. 3:16-cr-00003-TEH-1 |
| v. | |
| JOSE VASQUEZ BAUTISTA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Northern California
Thelton E. Henderson, Senior District Judge, Presiding

Submitted October 10, 2018**
San Francisco, California

Before: MURGUIA and FRIEDLAND, Circuit Judges, and HINKLE,*** District
Judge.

Jose Bautista was convicted of possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Bautista

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert L. Hinkle, United States District Judge for the
Northern District of Florida, sitting by designation.

appeals his 120-month sentence, arguing that the district court misapplied the Sentencing Guidelines and made various erroneous factual findings. We generally review a district court's application of the Sentencing Guidelines to the facts of a given case for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). However, we review the district court's factual findings for clear error. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Bautista argues that the district court incorrectly calculated the quantity of drugs involved in the offense because, in addition to drugs Bautista had with him at the time of arrest, the district court also included drugs that were found in a methamphetamine conversion laboratory (the "meth lab") immediately adjacent to Bautista's place of business. We find no abuse of discretion. Law enforcement officers gained access to the meth lab using a key they obtained from Bautista at the time of his arrest; Bautista paid half the rent on the facility; and Bautista admitted he took about 50 orders to sell methamphetamine produced at the facility. The district court was permitted to consider the drugs found at the meth lab even though they were not specified in the count of conviction because they were part of the relevant conduct. *See United States v. Mercado-Moreno*, 869 F.3d 942, 959 (9th Cir. 2017); U.S. Sentencing Guidelines Manual §§ 1B1.3(a)(1)(A), 2D1.1 cmt. n.5 (U.S. Sentencing Comm'n 2016) (hereinafter "U.S.S.G.").

2.     Next, Bautista argues that the district court lacked a basis for imposing a two-level enhancement for possessing a firearm during the offense under U.S.S.G. § 2D1.1(b)(1). Bautista argues that because the weapons were found at his place of business, as opposed to the meth lab, the district court lacked a basis for imposing the enhancement. We find no clear error on this record, where Bautista stored the weapons in a drawer at his place of business immediately adjacent to the meth lab and the district court found that Bautista kept the weapons there for use in the drug operation. *See* U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A); *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006); *United States v. Willard*, 919 F.2d 606, 609–10 (9th Cir. 1990). Moreover, any error would be harmless because Bautista was sentenced to a mandatory minimum that applied irrespective of the firearm enhancement.

3.     We reject Bautista's argument that the district court erred in denying him safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Regardless of whether Bautista possessed a firearm in connection with the offense, the district court independently found Bautista ineligible for safety valve relief because Bautista had not truthfully provided the government with all information regarding the offense by the time of his sentencing. The district court did not clearly err in making this determination. *See United States v. Miller*, 151 F.3d 957, 961 (9th Cir. 1998) ("[A] defendant has to disclose all that he knows about offenses, including relevant

3                                                                                          17-10327

conduct, that are part of the same course of conduct or common scheme as the offense for which he was convicted, in order to qualify for the 'safety valve' under 18 U.S.C. § 3553(f).").

4. Finally, Bautista contests the district court's refusal to depart downward from the guideline range pursuant to U.S.S.G. § 5H1.6 based on familial circumstances. Under any standard of review, the district court's decision stands. Bautista's arguments—that he was the main financial supporter for his family and had a close relationship with his family—are not the type of "extraordinary" circumstances that might support a downward departure. *See United States v. Leon*, 341 F.3d 928, 931–32 (9th Cir. 2003).

**AFFIRMED.**