**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10171 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00580-LEK-2 |
| v. | |
| MARCO MORFIN ALVAREZ, AKA Marco Antonio Morfin Alvarez, AKA Jose Nieto, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted July 7, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Marco Morfin Alvarez ("Morfin") appeals his sentence, imposed following

his conviction for one count of conspiracy to possess 50 grams or more of

methamphetamine with the intent to distribute and one count of possession of 50

grams or more of methamphetamine with the intent to distribute in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He challenges the district court's

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

imposition of the mandatory minimum sentence of 120 months incarceration, arguing the district court erred in finding him ineligible for safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a)(5). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court applied the correct legal standard to determine whether Morfin was entitled to safety-valve relief. Section 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) require a defendant to "truthfully" provide the Government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct" not "later than the time of the sentencing hearing." *See also United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007). The district court applied that standard and concluded that Morfin was ineligible for relief because his statement was not truthful and complete even "at the conclusion of all of the discussions." Morfin's argument that the court *did* find he was ultimately truthful, but denied him relief because he initially was not truthful and complete is thus not supported by the record.

2.      The district court's finding that Morfin failed to give a truthful and complete account of his role in the offense by the time of sentencing was not "clearly erroneous." *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006). Morfin concedes that he told several lies and omitted key information at the start of his safety-valve interview, which damaged his credibility. *See Mejia-*

*Pimental*, 477 F.3d at 1108 ("In lying initially, [a defendant takes] a risk that the district court w[ill] not believe that his ultimate proffer [is] truthful and complete."). Further, the story Morfin ultimately told contradicted other evidence in the record, including testimony from his co-defendant, which was provided to the court under seal. In light of those conflicting accounts, Morfin's damaged credibility, and the fact that we "pay special deference to a trial court's credibility findings," we are not "left with a definite and firm conviction" that the district court erred in finding that Morfin's account was not complete and truthful. *Ferryman*, 444 F.3d at 1186.[1]

**AFFIRMED.**

---

[1] Morfin also argues that the district court erred in calculating his guideline range by finding that he was a "minor" participant entitled to a two-level reduction rather than a "minimal" participant entitled to a four-level reduction under U.S.S.G. § 3B1.2(a). We do not reach this issue because in either case, his guideline range would be below the mandatory minimum of 120 months, and "when the mandatory minimum for a crime exceeds the sentencing guideline range, the mandatory minimum becomes the guideline sentence, displacing the guidelines range." *United States v. Jackson*, 577 F.3d 1032, 1034 (9th Cir. 2009).