NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10125 |
| Plaintiff-Appellee, | D.C. No.<br>3:20-cr-00020-LRH-CSD-1 |
| v. | |
| RICHARD NELSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 6, 2023[**]
Las Vegas, Nevada

Before:  CLIFTON, BYBEE, and BENNETT, Circuit Judges.

Richard Nelson appeals his 135-month sentence for distributing

methamphetamine.  He argues that the district court miscalculated his sentencing

guidelines range by concluding that he was ineligible for safety valve relief

because he possessed a firearm "in connection with" his offense.  *See* 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 3553(f)(2). Exercising jurisdiction under 18 U.S.C. § 3742, we affirm.

Over several months, Nelson sold heroin and methamphetamine to a confidential informant five times, including one sale that took place in his apartment. In executing a search warrant at the apartment, police found a shotgun, four shotgun shells, and a locked safe inside a locked bedroom closet. The safe contained heroin, marijuana, a handgun, and thirteen bullets, among other items.

Nelson pled guilty to distributing more than fifty grams of methamphetamine, an offense that generally carries a mandatory minimum sentence of ten years. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). But Nelson argued that he was eligible for relief under the safety valve statute, which allows the district court to impose a sentence below the mandatory minimum if certain conditions are met. 18 U.S.C. § 3553(f). The only condition at issue here is whether Nelson "possess[ed] a firearm . . . in connection with [his] offense." § 3553(f)(2). The district court found that Nelson possessed the shotgun and handgun "in connection with" his offense and declined to apply the safety valve. The court calculated an advisory guidelines range of 135–168 months and imposed a sentence of 135 months.[1] The court stated that it would have imposed the same

---

[1] Nelson contends that the safety valve would have lowered his advisory guidelines range to 108–135 months. He also requested a two-level downward variance, based on a psychological evaluation indicating that his substance abuse disorder was the result of childhood abuse. If this were also granted, the resulting guidelines range would have been 87–108 months.

sentence even if the safety valve applied, based on Nelson's criminal history and the nature of his offense.

1. Nelson first argues that the district court impermissibly expanded the statutory list of safety valve requirements by considering Nelson's criminal history and the nature of his offense. We review the district court's interpretation of § 3553(f) de novo. *See United States v. Brown*, 42 F.4th 1142, 1145 (9th Cir. 2022).

This argument conflates the district court's safety valve holding with its alternative analysis. Before discussing Nelson's history and conduct, the district court confined its safety valve analysis to the circumstances in which the firearms were found:

> the combination of the shotgun and the handgun; the live ammunition around both; the drugs being present; the digital scale being present; the ledger being present; and a sale actually having occurred within a month of the search where the handguns [sic] are found; it's very clear to the Court that this is not a case where the safety valve applies.

Only after reaching this conclusion did the district court discuss Nelson's history and conduct to explain that it "view[ed the] safety valve as, effectively, moot here because *whether it applied or not*, the Court would not be considering it under the facts that [were] before" it. The district court did not misinterpret or misapply § 3553(f)(2).

2. Nelson also argues that the district court's factual finding that he possessed the shotgun and handgun "in connection with" his drug offense was

3

clearly erroneous. "[T]his court reviews for clear error the district court's factual determination that a defendant possessed firearms in connection with the offense of conviction." *United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006). "Our review of the district court's denial of safety valve relief is deferential. We accept the lower court's findings of fact unless we are left with a definite and firm conviction that a mistake has been made." *Id.* at 1186 (citation omitted). "To qualify for safety valve relief . . . the burden is . . . on the defendant to prove, but only by a preponderance of the evidence, that he did not possess a firearm in connection with the offense." *Id.* For safety valve purposes, the term "offense" covers "all relevant conduct," not just conduct related to the specific count of conviction. *United States v. Fernandez*, 526 F.3d 1247, 1252 (9th Cir. 2008) (quoting *United States v. Miller*, 151 F.3d 957, 960 (9th Cir. 1998)).

We have repeatedly affirmed denial of safety valve relief "based upon the circumstances in which the firearms were found." *Ferryman*, 444 F.3d at 1186. In *Ferryman*, there was no clear error in denying safety valve relief to a defendant who kept eleven firearms in various locations around his home which also contained marijuana packaged for sale. *Id.* at 1185. In *Fernandez*, we affirmed denial of safety valve relief to a drug-trafficking defendant who kept a revolver and two rifles at his house, even though "the weapons were not on his person during actual drug transactions," because "the storage of a large cache of weaponry for

4

protection from the dangers attendant to participation in a drug conspiracy is 'relevant conduct' within the purview of § 3553(f)(2)." 526 F.3d at 1252–53. And we have affirmed application of a firearm-related sentencing enhancement for a drug-trafficking defendant even though his "guns were in a locked compartment in [defendant's] residence at the time the police discovered them." *United States v. Suarez*, 655 Fed. App'x 549, 551 (9th Cir. 2016).

Here, the firearms were discovered alongside heroin, marijuana, and other drug paraphernalia. Nelson kept the firearms in his apartment, where he conducted a drug sale on at least one occasion. And a defendant need not carry firearms during a drug transaction to be precluded from safety valve relief. *See Fernandez*, 526 F.3d at 1252–53. Nor does it matter that the guns were kept inside a locked closet and safe that may not have been easily accessible during a sale. *See Suarez*, 655 Fed. App'x at 551. Based on the record, we lack a "definite and firm conviction that a mistake has been made." *Ferryman*, 444 F.3d at 1186. The district court did not clearly err in finding that Nelson possessed firearms "in connection with" his drug offense.

**AFFIRMED.**

5