**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. HOVIK DAGESIAN, Defendant - Appellant. | No. 24-779 D.C. No. 2:21-cr-00057-MCS-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted January 22, 2025[**]

Before:     CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Hovik Dagesian appeals from the district court's judgment and challenges

the 120-month sentence imposed following his guilty-plea conviction for

possession with intent to distribute methamphetamine in violation of 21 U.S.C

§ 841(a)(1), (b)(1)(A)(viii), and engaging in the business of dealing in firearms

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

without a license in violation of 18 U.S.C. § 922(a)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dagesian contends that the district court erred by concluding that, because he possessed a firearm, he was ineligible for safety valve relief.  He asserts that the firearms in his possession were not possessed "in connection with" the methamphetamine offense because he intended only to sell them.  *See* 18 U.S.C. § 3553(f)(2).  We review the district court's factual determination that a defendant is ineligible for safety valve relief for clear error.  *See United States v. Salazar*, 61 F.4th 723, 726 (9th Cir. 2023).

The district court did not clearly err.  As it explained, the loaded firearms discovered in Dagesian's office near methamphetamine and related drug paraphernalia supported "no other conclusion . . . but that these firearms are possessed in furtherance of the drug trafficking."  The fact that Dagesian may have intended to sell the unloaded firearms found in other areas does not undermine the court's conclusion that the loaded guns found in the office with the drugs were possessed in connection with the drug offense.  *See United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) (affirming denial of safety valve "based upon the circumstances in which the firearms were found, coupled with the implausibility of defendants' explanations").

**AFFIRMED.**